IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN M. FRENCH, INDIVIDUALLY | § | |
| AND DERIVATIVELY ON BEHALF OF | § | |
| FIRST PAGE MANAGEMENT, LLC | § | |
| D/B/A STATUSLABS.COM | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No.** <u>1:17-cv-248</u> |
| | § | |
| DARIUS FISHER, JESSE BOSKOFF, | § | |
| FIRST PAGE MANAGEMENT, LLC | § | |
| D/B/A STATUSLABS.COM | § | |
| | § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendants, Darius Fisher ("Fisher") and Jesse Boskoff ("Boskoff"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof state as follows:

## COMMENCEMENT, SERVICE, AND CONSENT

1.      On March 7, 2017, Plaintiff, Jordan French ("French"), commenced this duplicative action of the one he voluntarily dismissed on March 3, 2017 in Civil Action No. 17-cv-00201, styled *Jordan French v. Darius Fisher, Jesse Boskoff, First Page Management , LLC d/b/a/ Statuslabs.com*, by filing his second Plaintiff's Original Petition and Request for Disclosure ("Original Petition") in the 201st Judicial District Court of Travis County, Texas, in the case re-styled, *Jordan M. French, individually and derivatively on behalf of First Page Management LLC d/b/a Statuslabs.com v. Darius Fisher, Jesse Boskoff, First Page Management, LLC d/b/a/ Statuslabs.com;* and numbered, Cause No. D-1-GN-17-000954.

2.      Plaintiff served Defendants, Fisher and Boskoff, on March 8, 2017, by service on the undersigned counsel.

3.      Plaintiff has also named First Page Management, LLC d/b/a Statuslabs.com ("First Page") to the suit but has asserted no claims against it in this action.

4.      This Notice of Removal is filed within thirty days of Fisher's and Boskoff's receipt of service of process of the lawsuit and is timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of commencement of this action and is thus timely under 28 U.S.C. § 1446(c).

5.      Each Defendant required to consent to the removal of this cause of action has joined in this Notice of Removal.

## GROUNDS FOR REMOVAL

6.      Defendants Fisher and Boskoff are entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00, exclusive of interest and costs, between parties with diverse citizenship.

### A.      *Diversity of Citizenship*

7.      There is complete diversity of citizenship between Plaintiff and the proper Defendants, Fisher and Boskoff.

8.      Plaintiff is a resident of the state of New Jersey. *See* **Exhibit A**, Original Petition at ¶ 2.

9.      Defendants, Fisher and Boskoff, each work in New York, New York, and at the time of the commencement of the action, each reside in New York, New York. *See* **Exhibit A**, Original Petition; and Declaration of Darrius Fisher and Declaration of Jesse Boskoff, attached hereto as **Exhibits B and C**, respectively. As discussed in more detail below, First Page has been improperly joined as a nominal party to the action and Plaintiff has not asserted any claims against it, so its citizenship should be disregarded for the purposes of determining diversity

jurisdiction. See *Lassberg v. Bank of America,* 660 Fed. Appx. 262, 266 (5th Cir. 2016); and

*Blankenship v. PNC Bank, N.A.,* Civil Action No. SA-11-CV-378-XR; 2011 U.S. Dist. LEXIS

159701 *5 (W.D. Tex. July 5, 2011). Further, to the extent Plaintiff French asserts in the

alternative that he is bringing a derivative suit on behalf of First Page, he is not entitled to bring

such a suit because he does not represent the interests of the corporation in enforcing the right of

the corporation. See TEX. BUS. ORGS. CODE § 21.552(2). In addition, French has failed to

sufficiently plead the facts necessary to bring a derivative action on behalf of the corporation.

See e.g. TEX. BUS. ORGS. CODE § 21.553(a).

> ### B.      *Amount in Controversy*

10.      This Court may determine that removal is proper if it is facially apparent from

the Original Petition that the claims are for amounts exceeding $75,000.00, exclusive of interest

and costs. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Though Plaintiff

did not specify an exact amount of damages sought in his Original Petition, he did plead that he

is seeking monetary relief in excess of $200,000.00 but not more than $1,000,000.00. See

**Exhibit A**, Original Petition at ¶ 7. Therefore, it is facially apparent that the amount in

controversy requirement is satisfied.

### IMPROPER JOINDER OF FIRST PAGE MANAGEMENT LLC

> ### A.      *Nominal Party is not considered for Removal Purposes*

11.      First Page has been improperly joined and its citizenship should be ignored for

purposes of determining diversity jurisdiction. To establish a defendant has been improperly

joined, the removing party must establish either (1) the plaintiff fraudulently pleaded

jurisdictional facts, or (2) the plaintiff cannot establish a cause of action against the improperly

joined defendant. See *Campbell v. Stone Ins.*, 509 F.3d 665, 669 (5th Cir. 2007).  Plaintiff French

asserts claims for breach of contract and breach of fiduciary duty against Defendants Fisher and

Boskoff, but asserts no claim against First Page. Therefore, French cannot establish a cause of action against First Page which is at most a nominal party as French stated in his initial suit brought against Fisher and Boskoff.  See Civil Action No. 1:17-cv-00201-LY, Dkt# 2-2 at p. 2 of 19 (French files this Original Petition "complaining of Darius Fisher and Jesse Boskoff, and naming First Page Management, LLC d/b/a StatusLabs.com ("FP") as a nominal defendant…." ).

12.      Whether a party is nominal for removal purposes depends on "whether, in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.* The citizenship of a nominal party is disregarded for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Further, nominal parties are not required to consent to removal under the unanimity rule. *Acosta v. Master Maintenance and Constr., Inc.,* 452 F.3d 373, 379 (5th Cir. 2006).

**B.      *First Page is a Nominal Party improperly joined in this Action***

13.      In the Fifth Circuit, to establish that a non-removing party is a nominal party, "the removing party must show … that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendant in state court." *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991).  Thus some courts have noted that the inquiry is the same as the improper joinder analysis. See *Blankenship v. PNC Bank, N.A*., 2011 U.S. Dist. LEXIS 159701 at *6 (W.D. Tex. July 5, 2011). Whether a party is nominal does not depend on how the plaintiff labels his petition, but rather on the practical effect of a judgment on a given defendant.  *Louisiana v. Union Oil Co. of Calif.,* 458 F.3d 364, 366-67 (5th Cir. 2006).

14.      Plaintiff's Original Petition fails to allege any "specific actionable conduct" by First Page sufficient to support a cause of action asserted against it.  Therefore, French's Original

Petition, standing alone, does not set forth a reasonable basis on which French may be able to establish First Page's liability on the pleaded claims in state court. See *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Plaintiff does not allege any facts that suggest a claim is being asserted directly against First Page based on misconduct by First Page. Plaintiff asserts two causes of action against Fisher and Boskoff: (1) breach of contract; and (2) breach of fiduciary duty. Plaintiff does not allege a contract with First Page or that First Page breach the terms of any such contract. Plaintiff also does not allege First Page owed him a fiduciary duty or that it breached any such duty owed to him. Thus, First Page is nominal because in its absence, the Court can enter a final judgment consistent with equity that would not in any way be unfair or inequitable to Plaintiff. See *Marsh v. Wells Fargo, N.A*., 760 F.Supp. 2d 701, 709 (N.D. Tex. 2011).

### C. *Plaintiff asserts a Direct Action, not a Derivative Proceeding*

15. Having asserted no actionable claim against First Page, French appears to attempt to assert a derivative claim on behalf on First Page in the alternative. A review of French's Original Petition, however, shows he is asserting a direct action against Fisher and Boskoff, not a derivative proceeding. In distinguishing between a direct action and a derivative proceeding, the critical inquiry is not whether the member was individually injured, but whether the wrong was directed against the individual member or against the corporation. See *Haut v. Green Café Mgmt.,* 376 S.W.3d 171, 177 (Tex.App.- Houston [14th Dist.] 2012, no pet.). A member may prosecute a direct action when the alleged wrongful acts violate duties owed directly to the member, such as when the member is a personal beneficiary of a contractual obligation or other liability. See, *Perry v. Cohen*, 285 S.W.3d 137, 144 (Tex.App.- Austin 2009, pet. denied); *Brunswick Corp. v. Bush*, 829 S.W.2d 352, 353 (Tex. App. – Fort Worth 1992, no writ). For

example, a minority shareholder has a direct action against the majority shareholders based on allegations that the majority shareholders have unfairly dealt with him, suppressed payment of dividends, made excessive dividend payments to themselves, used corporate funds for personal expenses, and attempted to deprive the minority shareholder of the value of his interest. See *Redmon v. Griffith*, 202  S.W.3d 225, 235 (Tex.App. – Tyler 2006, pet. denied.). French's claims against Fisher and Boskoff are consistent with a direct action rather than a derivative proceeding.

16.     French's claims against Fisher and Boskoff are direct claims arising from the Operating Agreement of First Page Management LLC (the "Operating Agreement") entered into among the parties. The Operating Agreement provides that each Manager owes the fiduciary duties of care and loyalty to the members of First Page. See *Original Petition, Exhibit A, Operating Agreement at Section 2.10.* French alleges that Fisher and Boskoff breached those duties to him by unsuccessfully attempting to oust him as a manager of First Page, raising their salaries, paying themselves a monthly "bonus," and having used First Page funds to pay personal expenses, "to extricate profits from FP without paying French his fair 1/3 share of the distribution." *Original Petition* at ¶¶11-13. This is precisely the type of action that has been found to be a direct action by a minority shareholder, not a derivative proceeding. See *Horton v. Robinson*, 776 S.W.2d 260, 263 (Tex.App.- El Paso 1989, no writ).

17.     French's assertion of derivative claims in the alternative is contradicted by his prior assertion of the identical claims as direct claims against Fisher and Boskoff in his the initial suit filed against them which he promptly dismissed once it was removed to this Court. See Civil Action No. 17-cv-00201, Dkt.# 3. Aside from a bald allegation in passing that First Page now is somehow harmed by Fisher's and Boskoff's conduct, when in his initial pleading he was the only party harmed,  French fails to plead sufficient facts to establish he is indeed asserting a derivative

claim on behalf of First Page. See Tex. BUS. ORGS. CODE §§ 21.552 AND 21.553. Thus, First Page

is not a proper party and its citizenship should be ignored for purposes of determining diversity

jurisdiction in this action.

18.     Moreover, because the standard for improper joinder is similar to that utilized by

a court in deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the Court should

dismiss First Page and any alternative derivative claims from the lawsuit because Plaintiff failed

to state a cause of action against it, or on its behalf, upon which relief can be granted. See

*Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

## VENUE

19.     Venue lies in the United States District Court for the Western District of Texas,

Austin Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action

in a state court within this judicial district and division.

## NOTICE

20.     Defendants will give notice of the filing of this Notice of Removal to all parties of

record pursuant to 28 U.S.C. § 1446(d). Defendants will also file with the clerk of the state court

and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## EXHIBITS TO NOTICE OF REMOVAL

21.     The following documents are attached to this Notice of Removal as corresponding

lettered exhibits:

> A.     Index of Matters Being Filed, including the docket sheet, pleadings, and all executed citations and process – *Exhibit A*
>
> B.     Declaration of Darius Fisher – *Exhibit B*
>
> C.     Declaration of Jesse Boskoff – *Exhibit C*
>
> D.     A list of all attorneys of record, including addresses, telephone numbers, and parties represented – *Exhibit D*

E.      Notice of Filing Removal in State Court – *Exhibit E*

### PRAYER

WHEREFORE, Defendants, Darius Fisher and Jesse Boskoff, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, remove this action from the District Court for the 201st Judicial District, Travis County, Texas to this Court. Defendants further pray that the Court dismiss First Page Management, LLC and any alternative derivative claims from this action under FED. R. CIV. P. 12(b)(6) because Plaintiff has failed to state a claim against it, or on its behalf, upon which relief can be granted, and that the Court award them such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

By: */s/ James G. Ruiz*

James G. Ruiz
State Bar No. 17385860
jruiz@winstead.com
Scott F. Courtney Jr.
State Bar No. 24084384
scourtney@winstead.com
WINSTEAD PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800
(512) 370-2850 (Fax)

**ATTORNEYS FOR DEFENDANTS
DARIUS FISHER AND JESSE BOSKOFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 21, 2017, a true and correct copy of the foregoing was electronically served on:

Lessie C. Gilstrap
Fritz, Byrne, Head & Gilstrap, PLLC
221 West 6th Street, Suite 960
Austin, Texas 78701
lgilstrap@fbhg.law

**ATTORNEYS FOR PLAINTIFF
JORDAN FRENCH**

_/s/ James G. Ruiz_
James G. Ruiz